IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00089-MR

| | |
|---|---|
| STEPHANIE CALLAHAN, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 12].

**I.    BACKGROUND**

On February 1, 2017, the Plaintiff, Stephanie Callahan ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of February 12, 2013. [Transcript ("T.") at 29]. The Plaintiff's claim was initially denied on May 23, 2017, and upon reconsideration on June 12, 2017. [Id.]. Upon the Plaintiff's request, a hearing was held on March 8, 2019, before an

Administrative Law Judge ("ALJ"). [Id.]. On June 28, 2019, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the date last insured ("DLI") of March 31, 2015. [T. at 39]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 19-22]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.

2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v.

Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the

4

claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.

5

At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 12, 2013, through her date last insured of March 31, 2015. [T. at 31]. At step two, the ALJ found that the Plaintiff has severe impairments including: "a stable left basilar plural mass; non-insulin dependent diabetes; obesity; anxiety and chronic tobacco use." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 32]. The

ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except she must avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation. Further, she is limited to work involving only simple routine tasks.

[Id. at 34].

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. [Id. at 37]. At step five, based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including clerical assistant, marker, and router. [Id. at 38-39]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from February 12, 2013, the alleged onset date, through March 31, 2015, the date last insured. [Id. at 39].

## V. DISCUSSION[1]

As her sole assignment of error, the Plaintiff argues that the ALJ violated her right to procedural due process by failing to "inform [the

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff] of her DLI and its significance, allow her to cross-examine the VE at the administrative hearing, or fully and fairly develop the record regarding [the Plaintiff's] disability claim despite her being unrepresented." [Doc. 11 at 4]. In further support for her arguments, the Plaintiff notes that she appeared *pro se* at her hearing before the ALJ and therefore the ALJ had a heightened duty to assist her in developing the record. [Id. 11 at 8-9]. As a result, she argues, the ALJ's finding that the Plaintiff was not disabled during the pre-DLI period is not supported by substantial evidence and therefore cannot be subject to meaningful judicial review. [Id. at 15-16].

"Unlike their colleagues in other agencies, Social Security ALJs are not simply arbiters, but also inquisitors." Gray v. Apfel, 191 F.3d 447 (4th Cir. 1999) (table). Therefore, the ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). When a claimant proceeds *pro se*, ALJs also have "a duty to assume a more active role in helping claimants develop the record." Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996) (quoting Sims, 631 F.2d at 28); see also Crider v. Harris, 624 F.2d 15, 16 (4th Cir. 1980) (finding

8

that *pro se* claimants are "entitled to the sympathetic assistance of the ALJ to develop the record").

Here, the ALJ failed to take an "active role" to ensure the record was meaningfully developed. During the Plaintiff's hearing, after recognizing that Plaintiff had alleged mental impairments, including depression and anxiety, symptoms of which developed prior to her DLI,[2] the ALJ briefly questioned the Plaintiff about her history of mental impairments. [T. at 62-63]. Despite the Plaintiff testifying that she had additional medical records from her mental health providers that she was unable to obtain, the ALJ did not further inquire into the Plaintiff's symptoms or otherwise develop the record regarding her mental impairments. [Id.].

In his decision, the ALJ found that the Plaintiff's mental impairments did not meet the severity of the listings because of a lack of evidence for the period prior to the DLI. [T. at 32-33]. In support of his finding, the ALJ cites the state agency consultants' evaluations indicating the medical record "contained insufficient evidence to *assess* whether [the Plaintiff] had a severe psychological impairment prior to March 31, 2015." [T. at 37, 77-78, 86-90] (emphasis added). However, the record is devoid of any suggestion that the ALJ attempted to develop any evidence in order to

---

[2] Numerous medical records reflect the Plaintiff's history of anxiety symptoms, beginning as early as 2013 and 2014. [See T. at 427-28, 431-33, 573-74, 663].

9

properly evaluate whether these impairments were severe. The ALJ did not elicit testimony from the *pro se* Plaintiff, which could have established the intensity and severity of such symptoms. See 20 C.F.R. § 416.920b(b)(2). Further, there is no evidence that the ALJ contacted the diagnosing physicians or otherwise attempted to obtain the missing medical records referred to by the Plaintiff. See id. As such, the ALJ's "failure to ask further questions and to demand the production of further evidence . . . amounted to neglect of his duty to develop the evidence." Cook, 783 F.2d at 1173.

Additionally, the record shows that Plaintiff was seeking medical care for symptoms of panic disorder, abdominal pain, nausea, diabetes, migraines, mood disorder, chest pain, and dyslipidemia in 2013 and 2014, prior to her DLI in 2015. [T. at 427-28, 431-33, 573-75]. However, the ALJ did not question the Plaintiff about the history or severity of these symptoms. [See T. at 46-66]. In his decision, the ALJ states that the Plaintiff's "medical record lacks evidence demonstrating symptoms and treatment for her chest pain, shortness of breath, diabetes or anxiety prior to her date last insured" and that "the record shows her symptoms begin in April 2016," but this is not reflective of the medical evidence of record. [Compare T. at 36, with T. at 427-28, 431-33, 573-75].

Moreover, in some cases, "evidence created after a claimant's DLI, which permits an *inference of linkage* between the claimant's post-DLI state of health and her pre-DLI condition, [may] be the 'most cogent proof' of a claimant's pre-DLI disability." Bird, 699 F.3d 337 at 341 (emphasis added) (quoting Moore v. Finch, 418 F.2d 1224, 1226 (4th Cir. 1969)). As such, "an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration.'" Id. at 345 (quoting Moore, 418 F.2d at 1226).

Here, the evidence of record could "permit an inference of linkage" with the Plaintiff's pre-DLI, given that some of the Plaintiff's impairments were present pre-DLI, and her symptoms post-DLI are well-documented. Specifically, as early as June of 2014, the Plaintiff presented with symptoms similar to those that were later found to be caused by her post-DLI lung cancer diagnosis, such as chest pain and shortness of breath [T. at 69, 427-28, 431-33, 462, 540]. Additional records also reflect her history of anxiety and panic disorder, other impairments that were documented post-DLI. [T. at 427-28, 431-33, 573-74, 663]. The post-DLI evidence is particularly relevant here, as such evidence is consistent with Plaintiff's pre-DLI symptoms and "may be reflective of a possible earlier and progressive

11

degeneration." See Bird, 699 F.3d 337 at 345; [T. at 69, 462, 540]. However, the ALJ failed to give any retrospective consideration to the Plaintiff's post-DLI medical evidence as required by Bird.

"It is firmly established that, even though the record as it is presented to the Court may contain substantial evidence to support the [disability] decision, the Court may still remand for the taking of additional evidence where the [ALJ] has failed to explore all relevant facts and where the absence of counsel appears to have prejudiced a *pro se* claimant." Hartsell v. Bowen, 861 F.2d 264, 264 (4th Cir. 1988); see Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981); Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). To sufficiently demonstrate prejudice, the claimant must show that the Commissioner's decision "might reasonably have been different had that evidence been before her when her decision was rendered." Sims, 631 F.2d at 28 (alterations omitted); see also Camp v. Massanari, 22 F. App'x 311 (4th Cir. 2001) (citing Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000)); Debty v. Saul, No. 1:18-CV-00344-MOC, 2019 WL 4594179, at *4 (W.D.N.C. Sept. 20, 2019).

Here, the hearing transcript clearly demonstrates both that the ALJ failed to explore all relevant facts and failed to further develop the record despite the Plaintiff's indication that additional records exist. The ALJ also

12

misstated the evidence of record about the pre-DLI impairments and failed to consider post-DLI evidence retroactively. Because consideration of such evidence might reasonably lead to a different result, the Court finds that Plaintiff has demonstrated sufficient prejudice to warrant remand for reconsideration.

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ must narratively discuss all relevant evidence, including evidence developed after the Plaintiff's DLI. During the course of such narrative discussion, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion[s]." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). The ALJ should also further develop the record and explore additional evidence in accordance with 20 C.F.R. § 416.920b.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED** and the Defendant's Motion for Judgment for Summary Judgment [Doc. 12] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

    **IT IS SO ORDERED.**

Signed: September 20, 2023

Martin Reidinger
Chief United States District Judge